Filed 3/19/15  In re Ann W. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Ann W., a Person Coming Under the Juvenile Court Law. | |
| SAN FRANCISCO HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROLAND W.,<br><br>        Defendant and Appellant. | A141757<br><br>(San Francisco County Super. Ct. No. JD143057) |

## I.  INTRODUCTION

This appeal from the juvenile court's jurisdictional and dispositional order challenges that portion of the court's order continuing in effect a prior "no contact" order in a family law matter involving appellant Roland W. (Father).  Because Father was ultimately awarded visitation in a subsequent order, we conclude that this matter is moot and dismiss the appeal.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying the jurisdictional and dispositional order are largely irrelevant to our resolution of this matter.  Therefore, we confine our summary to those facts that concern the issue of visitation by Father.

Roland W. is the father of 10-year-old Ann W., who was detained from her mother's home on February 7, 2014. At that time, Father was living in a motel in Colorado and supporting himself from social security disability payments. After Ann was detained, Father expressed a desire to maintain his relationship with her and have contact with her. The San Francisco Human Services Agency (Agency) was generally supportive of this request, and recommended that Father receive services to improve his parenting skills.

The issue of Father's visitation with Ann arose at the jurisdictional and dispositional settlement conference held before Commissioner Catherine Lyons on March 19, 2014. Father appeared by telephone because he lived out of state. At the hearing, the Agency informed the court that Father was requesting "an order that he gets weekly phone calls with the minor." However, according to counsel for the Agency as well as for Ann, there was an "existing order . . . for there to be no contact of any kind between [Father] and Ann." Counsel did not provide the court with a copy of this order, which was described as having originated in the Family Law department about six or eight months earlier and appears to have been related to divorce proceedings between Mother and Father. Father's counsel had not seen the family law case file, which she described as involving a "very contentious two-year-long divorce case."

The court pointed out that "[c]learly this issue [of visitation] is going to take a lot more time than we have today to go into . . . ." The court also acknowledged that Father's counsel, who had just been appointed that day, would need additional time to explore the issue. Counsel for Mother informed the court that visitation was "still under discussion" and asked the court to continue "the current" order, which the court clarified was, based on minor's counsel's representation, "a no contact order from Family Court." The court indicated an intention not to "hold up" the matter of jurisdiction and disposition

to resolve the issue of the existing visitation order.[1]  Counsel for Father asked that "any visitation order made today is without prejudice to when we return on a future date that I am going to request be set on that issue."  The court clarified that it was not making a visitation order, but was "just continuing one that's presently in place."

The court sustained the allegations in the petition and declared Ann a dependent child.  With regard to visitation, the court stated, "I will continue the previously-decided visitation order, and I understand we're going to be revisiting that at some point and that the parties are going to be discussing visitation outside of court."  The court's written order states that "family law no contact order remains in effect.  Visitation for Father will continue to be discussed."

Father filed a petition for rehearing, which was heard by Judge Woolard on April 30, 2014.  In his petition, Father noted that after the March 19, 2014, hearing, Mother's counsel "acknowledged that she had been in error:  the family court judgment filed November 22, 2013 . . . permitted written and Facebook contact between Father and Ann."[2]  Judge Woolard deemed Commissioner Lyons's March 19, 2014, "findings and orders advisory only. . . . [and] exercise[d] [the court's] own independent judgment on the issues."  Having done so, the court denied the application for rehearing.

On May 7, 2014, Father filed a notice of appeal of both the March 19, 2014, and April 30, 2014, orders.

On August 21, 2014, the juvenile court heard a supplemental petition by Father and, at that time, ordered:[3]  "Father allowed to continue writing letters to the minor via

---

[1] The court told counsel that "We're not discussing visitation today.  No decision is going to be made about visitation between Ann and [Father]."

[2] Despite repeated references to it by the parties, the family court visitation order is not part of the record on appeal.

[3] Pursuant to Evidence Code section 452, subdivision (d), we grant the Agency's request for judicial notice of the court's August 21, 2014, order.

social worker.  If minor is allowed access to Facebook, she can have contact with Father through Facebook."

### III.  DISCUSSION

In his appeal, Father asks us to find that the trial court orders of March 19, 2014, and April 30, 2014, which leave the family law "no contact" order in place, were an abuse of discretion.  He states that there would have been a "semblance of a rationale" for the written visitation order had it simply stated that it "continued" the existing family law order.  He contends, however, that it was an abuse of discretion for the dispositional and jurisdiction order to characterize that family law order as a "no contact" order, given that this characterization appears to have been inaccurate.

Although this may be the case, on August 21, 2014, the juvenile court ordered that Father be "allowed to continue" written contact with Ann.  This order supersedes the prior order continuing the family law "no contact" order.  As a general rule, where, as here, "no effective relief can be granted, an appeal is moot and will be dismissed."  (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315.)  Because Father has already received the relief he seeks, his appeal must be dismissed.

Father nevertheless argues that we have the discretion to resolve the issue he raises and should do so here.  (*In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404.)  We decline this invitation.  First, even if the March 19 and April 30 orders were erroneous, Father has not shown how they will affect any future proceedings between the parties.  (*In re Dylan T.* (1998) 65 Cal.App.4th 765, 769 ["An issue is not moot if the purported error infects the outcome of subsequent proceedings"].)  Second, although Father contends that "the scope of [the court's] authority" to "fashion its dispositional order" is a matter of public importance that may evade review were we to leave it unaddressed, this issue is not so unusual that it is likely to never again arise in a case in which it is not moot.  (*In re Yvonne W., supra,* 165 Cal.App.4th at p. 1404.)

For these reasons, then, we will dismiss Father's appeal.

4

## IV.  DISPOSITION

The appeal is dismissed as moot.

_____

Miller, J.


We concur:


_____

Kline, P.J.


_____

Richman, J.


6